Case 4:08-cv-00631-A Document 21 Filed 07/06/09 Page 1 of 9 PageID 120

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL - 6 2009
CLERK, U.S. DISTRICT COURT
By _____
    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CRISSIA HARRIS AND LITTLE HARRIS, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | NO. 4:08-CV-631-A |
| BENJAMIN STICKLER, ET AL., | § § § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of defendant Hillary Stickler ("Hillary") to dismiss the claims of plaintiffs, Crissia Harris and Little Harris, against her for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, for improper venue pursuant to Rule 12(b)(3), or for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), or, alternatively, for transfer to the Northern District of Oklahoma.[1] In their response, plaintiffs do not

---

[1] While the motion is filed on behalf of Hillary, it is evident the intent is to dismiss claims against both she and her husband, Benjamin Stickler ("Benjamin") (collectively, "Sticklers"), as both the motion and evidence submitted by Hillary address the Sticklers's lack of any contacts with Texas. As the court may sua sponte raise the issue of personal jurisdiction, System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy, 242 F.3d 322, 324 (5th Cir. 2001), and nothing in the complaint or plaintiffs' response attempts to establish any contacts of Benjamin with Texas, the court will consider the issue of personal jurisdiction as to both Hillary and Benjamin.

dispute that the court lacks personal jurisdiction over the Sticklers, but ask leave to amend their complaint or for the court to transfer this action to the Western District of Oklahoma. Having considered the motions, response, and Hillary's reply, the court concludes that it is without personal jurisdiction over the Sticklers and will grant the motion to dismiss on that basis.

I.

Background

Plaintiffs originally filed this action in Texas state court, naming as defendants the Sticklers, New Breed Logistics, Inc. ("New Breed"), and Dumont Trucking, Inc. ("Dumont"). Plaintiffs contend that on or about March 17, 2008, Little Harris was driving a company vehicle in the course and scope of his employment for Dumont, when he sustained serious injuries as the result of an automobile accident caused by Hillary. Although not pleaded in the original complaint, the accident apparently occurred in Oklahoma, where the Sticklers were relocating from their previous residence in Florida. The Sticklers contend, and plaintiffs do not dispute, that they have not lived in Texas at any time relevant to this action, nor have they been employed, or owned or leased property, in Texas.

Plaintiffs claim that when Crissia Harris's employer, New Breed, realized it would be responsible for Little Harris's medical bills, it terminated her employment. Crissia Harris claims that, because of her race and color, she was treated differently from white employees who were allowed to access benefits for treatment of an injured spouse.

On October 20, 2008, New Breed removed the case to this court based on ERISA preemption. At the time of the removal, no other defendant had been served with process. On January 29, 2009, plaintiffs and New Breed filed a stipulation of dismissal as to Dumont, and that same day the court entered final judgment dismissing Dumont from the case. On April 22, 2009, plaintiffs and New Breed filed an agreed stipulation of dismissal as to New Breed, and on April 23, 2009, the court entered a final judgment dismissing New Breed from the case. As of the date of the filing of the motion to dismiss, the Sticklers are the only remaining defendants; plaintiffs' only claims against them arise from the automobile accident which injured Little Harris.

II.

Personal Jurisdiction

When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden

3

of establishing that in personam jurisdiction exists. Wilson v. Belin, 20 F.3d 644, 648 (5th Cir. 1994); Stuart v. Spademan, 772 F.2d 1185, 1192 (5th Cir. 1985); D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc., 754 F.2d 542, 545-46 (5th Cir. 1985). The plaintiff need not, however, establish personal jurisdiction by a preponderance of the evidence; prima facie evidence of personal jurisdiction is sufficient. WNS, Inc. v. Farrow, 884 F.2d 200, 203 (5th Cir. 1989); Wyatt v. Kaplan, 686 F.2d 276, 280 (5th Cir. 1982). The court may resolve a jurisdictional issue by reviewing pleadings, affidavits, interrogatories, depositions, oral testimony, exhibits, any part of the record, and any combination thereof. Command-Aire v. Ontario Mechanical Sales & Serv., Inc., 963 F.2d 90, 95 (5th Cir. 1992). Allegations of the plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavits. Wyatt, 686 F.2d at 282-83 n.13 (citing Black v. Acme Markets, Inc., 564 F.2d 681, 683 n.3 (5th Cir. 1977)). Any genuine, material conflicts between the facts established by the parties' affidavits and other evidence are resolved in favor of plaintiff for purposes of determining whether a prima facie case exists. Jones v. Petty-Ray

Geophysical Geosource, Inc., 954 F.2d 1061, 1067 (5th Cir. 1992); Bullion v. Gillespie, 895 F.2d 213, 217 (5th Cir. 1990).

In a diversity action [2], personal jurisdiction over a nonresident may be exercised if (1) the nonresident defendant is amenable to service of process under the law of a forum state, and (2) the exercise of jurisdiction under state law comports with the due process clause of the Fourteenth Amendment. Wilson, 20 F.3d at 646-47; Thompson v. Chrysler Motors Corp., 755 F.2d 1162, 1166 (5th Cir. 1985) (quoting Smith v. DeWalt Prods. Corp., 743 F.2d 277, 278 (5th Cir. 1984)). Since the Texas long-arm statute has been interpreted as extending to the limits of due process,[3] the only inquiry is whether the exercise of jurisdiction over the nonresident defendant would be constitutionally permissible. Bullion, 895 F.2d at 216; Stuart, 772 F.2d at 1189.

For due process to be satisfied, (1) the nonresident defendant must have "minimum contacts" with the forum state resulting from an affirmative act on the defendant's part, and

---

[2] New Breed removed the case to this court on the basis of federal question, specifically, ERISA preemption. As the Sticklers are the only remaining defendants and no ERISA claims exist against them, no federal question remains, and diversity would be the only basis for this court's subject matter jurisdiction.

[3] See, e.g., Kawasaki Steel Corp. v. Middleton, 699 S.W.2d 199, 200 (Tex. 1985).

(2) the contacts must be such that the exercise of jurisdiction over the person of the defendant does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)).

The minimum contacts prong of the due process requirement can be satisfied by a finding of either "specific" or "general" jurisdiction over the nonresident defendant. Bullion, 895 F.2d at 216. For specific jurisdiction to exist, the foreign defendant must purposefully do some act or consummate some transaction in the forum state and the cause of action must arise from or be connected with such act or transaction. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). Even if the controversy does not arise out of or relate to the nonresident defendant's purposeful contacts with the forum, general jurisdiction may be exercised when the nonresident defendant's contacts with the forum are sufficiently continuous and systematic as to support the reasonable exercise of jurisdiction. See, e.g., Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984); Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 779 (1984); Perkins v. Benguet Consol. Mining Co., 342 U.S. 437 (1952).

III.

Analysis

Applying the above factors, the court concludes that exercise of jurisdiction over the Sticklers would not be constitutionally permissible, as plaintiffs have alleged no facts giving rise to either general or specific jurisdiction over the Sticklers. Plaintiffs have not established that the Sticklers had any contacts with Texas, much less contacts sufficiently continuous and systematic as to support the reasonable exercise of jurisdiction. The affidavit of Hillary avers that she and Benjamin have not lived in Texas at any time relevant to this action, nor have they been employed, or own or lease real or personal property, in this state. Further, it is undisputed that the automobile accident giving rise to this action occurred in Oklahoma. In their response to the motion to dismiss, plaintiffs asserted no facts to support personal jurisdiction over the Sticklers, nor do they even dispute that personal jurisdiction is lacking. Thus, the court concludes that the Sticklers do not have minimum contacts with Texas and that exercising personal jurisdiction over them would be improper.

Because the Sticklers do not have minimum contacts with Texas, the court does not reach the second prong of the due

7

process analysis to inquire whether exercise of jurisdiction over the nonresident defendants would comport with traditional notions of fair play and substantial justice. <u>International Shoe</u>, 326 U.S. at 316.

As the court finds the issue of personal jurisdiction dispositive, it need not address the remaining grounds of the motion to dismiss. The proposed amended complaint attached as an exhibit to plaintiffs' motion to amend apparently attempts to assert that jurisdiction is proper in the Western District of Oklahoma but adduces nothing as would support the exercise of personal jurisdiction by this court over the Sticklers. Accordingly, the court will deny the motion to amend.

IV.

<u>Order</u>

For the reasons discussed above, the court concludes that the motion to dismiss should be granted for want of personal jurisdiction. Therefore,

The court ORDERS that all claims and causes of action asserted by plaintiffs against the Sticklers be, and are hereby, dismissed for want of personal jurisdiction, and that plaintiffs' motion to amend, be, and is hereby, denied.

process analysis to inquire whether exercise of jurisdiction over the nonresident defendants would comport with traditional notions of fair play and substantial justice.

As the court finds the issue of personal jurisdiction dispositive, it need not address the remaining grounds of the motion to dismiss. The proposed amended complaint attached as an exhibit to plaintiffs' motion to amend apparently attempts to assert that jurisdiction is proper in the Western District of Oklahoma but adduces nothing as would support the exercise of personal jurisdiction by this court over the Sticklers. Accordingly, the court will deny the motion to amend.

IV.

Order

For the reasons discussed above, the court concludes that the motion to dismiss should be granted for want of personal jurisdiction.  Therefore,

The court ORDERS that all claims and causes of action asserted by plaintiffs against the Sticklers be, and are hereby, dismissed for want of personal jurisdiction, and that plaintiffs' motion to amend, be, and is hereby, denied.

SIGNED July 6, 2009.

_____
JOHN McBRYDE
United States District Judge

8